IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOSHUA L. FARNAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 08-CV-3001 |
| | ) |
| DR. SHICKER IN HIS | ) |
| OFFICIAL CAPACITY, | ) |
| | ) |
| Defendant, | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff, represented by Jenner & Block, suffers from cystic fibrosis and is currently incarcerated in the Hill Correctional Center.

Before the Court is Plaintiff's "renewed motion to enforce settlement agreement," which is construed, per Plaintiff's request, as a motion to find Defendant in civil contempt for violating the settlement agreement between the parties. An evidentiary hearing was held last November, and the parties have filed post-hearing briefs.

"Civil contempt sanctions are properly imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions." <u>Tranzact Technologies, Inc. v. 1Source Worldsite</u>, 406 F.3d 851, 855 (7th Cir. 2005). However, a finding of civil contempt is proper only when a party has "'violated an order that sets forth in specific detail an unequivocal command from the court.'" <u>Id.</u> (citation omitted). Plaintiff has the burden of proving, by clear and convincing evidence, that Defendant substantially violated an unambiguous court order and "failed to take steps to reasonably and diligently comply with the order." <u>Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.</u>, 525 F.3d 533, 543 (7th Cir. 2008).

The parties debate whether referencing the settlement agreement in the dismissal order is enough to support these civil contempt proceedings. The dismissal order incorporated the settlement agreement by reference, and the settlement agreement was part of the record on dismissal. (d/e's 230, 229). The agreement requires the IDOC to implement the treatment plan for Plaintiff recommended by Plaintiff's cystic fibrosis specialists. (Settlement Agreement, § 1(a)(iii)).

The real issue to the Court, though, is whether the settlement agreement itself is specific enough to support a finding of civil contempt on these facts without first issuing an injunction to Defendant. The Court concludes that the language in the settlement agreement is too broad to warrant a finding of civil contempt on these particular facts without first issuing an injunction that specifically details what Defendant must do. Plaintiff does not ask for an injunction nor does one appear warranted at this time.

The Court's conclusion does not mean that the IDOC followed the agreement. The IDOC did sporadically violate the settlement agreement from around the Spring of 2014 to the Fall of 2014, just not enough to warrant a finding of civil contempt. Some of the problems with compliance were attributable to the new medical director at the Illinois River Correctional Center, Dr. Rankin, who at times admittedly substituted his own professional judgment for the judgment of the cystic fibrosis specialists. Defendant concedes that "[t]his resulted in an interruption to plaintiff's prescribed diet, a delay in some testing, and the failure to provide the type of knee braces prescribed to allow plaintiff to exercise." (d/e 258.) Some of

the problems were attributable to Plaintiff's transfer out of the health care unit, which resulted in mistakes by staff unfamiliar with Plaintiff's medical care.  Some of the problems were caused by Plaintiff himself after he was transferred out of the health care unit and into segregation.  The Court understands that Plaintiff felt desperate, but Plaintiff's behavior (not eating and marking on his wrists) complicated Plaintiff's medical treatment.  Finally, some of the problems were attributable to vague recommendations by the specialists.  For example, finding the proper knee brace took some time, despite good faith efforts, and the specialists did not give specifics about exactly how much protein and fat should be in Plaintiff's diet.  Plaintiff has simply not proved by clear and convincing evidence that Defendant failed to reasonably try to comply with the agreement or that the specialists' orders were unequivocal, unambiguous commands.

  Plaintiff's motion will, therefore, be denied.  Plaintiff is no longer incarcerated in the Illinois River Correctional Center.  He is now in the Hill Correctional Center, according to the IDOC website.  There have been no new filings in this case since the briefs filed

after the contempt hearing.  Hopefully this means that Plaintiff's medical care has settled into a reliable routine again.

However, procedures will be implemented to ensure that Plaintiff continues to receive the care he needs.  Defendants will file the current treatment plan, and a status conference will be set every few months to check on the implementation of that plan.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's motion to enforce the settlement agreement (240) is denied, without prejudice.

(2) By August 10, 2015, Defendant is directed to file Plaintiff's current treatment plan recommended by Plaintiff's cystic fibrosis specialists, along with a notice of compliance that the recommendations are being followed.

(3) A status conference is set for August 19, 2015, at 10:00 a.m.  Plaintiff shall appear by video from his prison.  Plaintiff's counsel shall appear by video from Jenner & Block.  Defense counsel shall appear in person.

**(4)  The clerk is directed to issue a video writ for Plaintiff and his counsel (bridging) for the status on August 19, 2015.**

**(5)  The clerk is directed to terminate Defendant Bryant, Andy Ott, Willard Elyea, John Cearlock, Coleen Gray, and Monte Govaia.  These defendants were dismissed pursuant to the stipulated order of dismissal (230).**

ENTER:  7/23/2015

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE